Swing, J.
The plaintiff below, Phil. Reul, brought his action against the Mt. Adams Railway Company for damages for injuries received while riding as a passenger on defendant company’s cars.
He alleged" that he took passage on defendant’s car on the 4th of November, 1887, at 6 P. M., at Court and Broadway. That finding of the seats all occupied, he was directed by the conductor to stand on the rear platform; that he was asked to pay his fare, which he did, and that continuing to stand there, and while the car was at a point on Gilbert avenue near Effluent Pipe street, “ the said defendant, in disregard of its duty and agreement towards plaintiff, did, through its servants and agents, so carelessly, negligently and unskillfully conduct the running of its said car and look after the safety of the passengers thereon and itself; had so defectively equipped its said cars against accident, in not providing pendant straps and handles and supports in and about said platform by which to hold, and in failing to provide gates or bars or other protection across the entrance to prevent falling off, and in negligently standing upon said platform a too great number of passengers, that the plaintiff, without any fault, neglect or carelessness on his part, by the swaying and crowding of said passengers against him while said car was in motion, was thrown from the place where he was invited and directed to stand, to the street;” whereby he was irijured, and damages are asked in the sum of five thousand dollars. The defendant denied negli *363 gence. A trial was had, and a verdict and judgment rendered in favor of Reul, for $2300. To reverse this judgment this action is prosecuted here.
Several grounds of error are assigned for reversal:
First — That the verdict is against the weight of the evidence, and is not sustained by the evidence, and is against the law, and should have been for the defendant.
Second — That the court erred in the admission of testimony, and in the exclusion of evidence.
Third — That the court erred in its charge to the jury, and in refusing instructions asked for by defendant.
(1.) Is the first ground of error well taken? It will be seen that the plaintiff charges several acts Of negligence against the defendant. We are unable to find in the evidence, which is all before us, any proof .that tends to show that defendant was negligent in not providing “pendant straps and handles and supports in and about said platform by which to hold, and in failing to provide gates or bars, or other protection, across the entrance thereto to prevent falling off,” as charged in the petition.
'There is no proof that tends to show that the plaintiff was thrown from the car, “by the swaying and crowding of said passengers against him while said car was in motion; as charged in the petition.
Was the defendant guilty of standing too great a number of passengers on the platform, as charged by plaintiff?
It is not negligence to crowd street cars, or the platforms of street cars; it is daily and hourly clone in all places where streetcars are run, and particularly on the cars of this defendant, which fact was well known to this plaintiff who had used these cars ever since they commenced running. In addition, plaintiff saw the condition of this car before he got on the car, and no additional passengers were taken on after the boarded the car ; on the contrary, two passengers got off (at the Northern Depot); but we find, as a fact, that the car was not over crowded. This is clearly shown from the evidence. Plaintiff himself seems not to have believed the car overcrowded, either at the time he got on the car or from that *364 time until he was thrown off, during which time he rode quite a distance, to-wit, several hundred yards.
Ramsey, Maxwell & Ramsey, for plaintiff in error.
Baker & Goodhue, for defendant in error.
The only remaining ground of negligence is contained in the averment: “ Did so carelessly, negligently and unskillfully conduct the running of its said car and ■ look after the safety of the passengers thereon.” It is questionable whether this is averred as the ground of the injury; but assuming that it is properly charged, how does the evidence sustain it ?
There is, in effect, no evidence that shows that the cars were negligently run. There was evidence to the effect that at or near the point of the accident the car gave a jerk or quirk, but there is no evidence to show that this was caused by negligence on the part of the company; but furthermore the evidence clearly shows that the accident was not caused by this.
The only remaining cause of negligence would necessarily result from the conduct of the conductor in charge of the car. The conductor had trouble-with plaintiff about his fare, and as far as we are able "to see, he did nothing but what was his duty. It was plaintiff’s duty to pay when the fare was demanded; this he refused to do when first asked, and the conductor was compelled to demand it a second time. In doing this the conductor did no wrong, but simply his duty; but we are satisfied that the accident did not result from the conduct of the conductor.
It is not necessary for us to express our belief as to what was the cause of the unfortunate accident. It is sufficient for us to say that it is clear to our minds that it did not occur by reason of the wrongful conduct of the defendant.
It seems to us that the judgment and verdict is not supported by the evidence, and the case will therefore be reversed, and remanded for further proceedings.
It is not necessary to pass on other grounds of error.